## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DARELTECH, LLC,**<br><br>          Plaintiff,<br><br>     **v.**<br><br>**B&H Foto & Electronics Corp.**<br><br>          Defendant. | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Dareltech, LLC ("Dareltech"), by and through its attorneys, Pierce Bainbridge Beck Price & Hecht LLP, hereby demands and complains of B&H Foto & Electronics Corp. ("B&H") as follows:

### NATURE OF THE ACTION

1.      This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, et seq., for infringement by B&H of Dareltech's claims to U.S. Patent Nos. 9,037,128; 9,055,144; 9,503,627; and 9,571,716 (collectively referred to as the "Patents-in-Suit").

### PARTIES

2.      Dareltech is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 6900 Wisconsin Avenue No. 30901, Bethesda, MD 20824.

3.      On information and belief, B&H is a corporation that is organized and existing pursuant to the laws of New York, with a principal place of business at 420 9th Avenue, New York, New York, 10001 and a fulfillment shipping center in Florence, New Jersey.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over B&H because, *inter alia*, upon information and belief, (i) B&H has done and continues to do business in the State of New Jersey and (ii) B&H has committed and continues to commit acts of patent infringement in the State of New Jersey, including by making, using, offering to sell, and/or selling accused products in New Jersey, and/or importing accused products into New Jersey, including by Internet sales and sales via retail and wholesale stores, and/or inducing others to commit acts of patent infringement in this district.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, *inter alia*, upon information and belief, (i) B&H has done and continues to do business in this district and (ii) B&H has committed and continues to commit acts of patent infringement in this district, including making, using, offering to sell, and/or selling accused products in this district, and/or importing accused products into this district, including by internet sales and sales via retail and wholesale stores, and/or inducing others to commit acts of patent infringement in this district.

## PATENTS-IN-SUIT

8.      On May 19, 2015, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,037,128 ("the '128 Patent"), entitled "Handle for Handheld

Terminal," based upon an application filed by inventors Jinrong Yang and Ramzi Khalil Maalouf.  A true and correct copy of the '128 Patent is attached hereto as Exhibit A.

9.    On June 9, 2015, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,055,144 ("the '144 Patent"), entitled "Handle for Handheld Terminal," based upon an application filed by inventors Jinrong Yang and Ramzi Khalil Maalouf.  A true and correct copy of the '144 Patent is attached hereto as Exhibit B.

10.    On November 22, 2016, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,503,627 ("the '627 Patent"), entitled "Handle for Handheld Terminal," based upon an application filed by inventors Jinrong Yang and Ramzi Khalil Maalouf.  A true and correct copy of the '627 Patent is attached hereto as Exhibit C.

11.    On February 14, 2017, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,571,716 ("the '716 Patent"), entitled "Handle for Handheld Terminal," based upon an application filed by inventors Jinrong Yang and Ramzi Khalil Maalouf.  A true and correct copy of the '716 Patent is attached hereto as Exhibit D.

12.    The Patents-in-Suit relate generally to systems and methods for holding and operating a handheld terminal such as a smartphone using a handle module operable with one hand (which has become known as the "selfie stick").

## FACTUAL ALLEGATIONS

### Dareltech's Products and the Patents-in-Suit

13.    Dareltech is the owner of all right, title, and interest in and to the Patents-in-Suit and possesses all rights of recovery, including the right to recover for past damages.  Dareltech was formed by the inventors of the Patents-in-Suit, Jinrong Yang and Ramzi Khalil Maalouf

(collectively, the "Inventors"), who have assigned all of their respective rights in connection with the Patents-in-Suit to the new company.

14.     The Inventors developed the technology of the Patents-in-Suit by engineering, designing, testing, manufacturing, and marketing their own "smart stick" product ("Product"). The initial model of the Product featured a soft-grip retractable and extendable handle ("Handle") that can safely and securely hold a smartphone in place.  The Product could then interface with the smartphone electronically using "Bluetooth" technology and a capture button on the handle.  This allowed users to take photos and videos of themselves and others at previously impossible angles—without the need to stop strangers and ask them to take the photos instead.  The latest Product design uses a sleek detachable handle connected to a smartphone case customized for each phone type and model.  When removed, the detachable Handle can be used as a remote-control joystick to adjust the smartphone camera's angle from a distance.

15.     Since 2012, Dareltech members have spent substantial sums of money in legal, development, engineering, testing, and product manufacturing fees and expenses for its products and accessories.  All these expenses have been self-financed by the Dareltech members or their affiliates, without encumbrances on any of its assets.

16.     The Inventors, through their company Dareltech, seek to enforce their own patents.  Neither Dareltech nor the Inventors have ever sought to litigate or otherwise enforce a patent purchased from an outside third party.  The patented inventions that Dareltech seeks to enforce in this case are the fruits of Dareltech's inventors, Jinrong Yang and Ramzi Khalil Maalouf.

## **B&H Foto and the Accused Products**

17.     Upon information and belief, B&H sells, or causes to be sold, "selfie stick" products made in accordance with the Patents-in-Suit.  For example, B&H, retailers and on-line retailers offer numerous B&H products, including the Revo Bluetooth Selfie Stick, Benro BK10 Mini Tripod and Selfie Stick Smartphones, "iOttie MiGO Mini Selfie Stick, Bower LED Wand Selfie Stick + Power Bank, Dot Line Smartphone Selfie Extension with Bluetooth Shutter Release, IK Multimedia iKlip Grip Smartphone Stand with Remote Shutter, Sunpak Universal SelfieWand for Smartphones, Point & Shoot Cameras, & GoPro, IOttie MiGO Adjustable Selfie Stick, HYPERKIN Leaf Selfie Stick for Smartphones, Bower Xtreme Action Series Wireless Shutter Selfie Pole, and XSORIES Me-Shot Deluxe Extension Pole with Bluetooth Remote, that essentially are extendable sticks that grip a smartphone and may take photos using Bluetooth technology using a button on the stick.

18.     Upon information and belief, including based on evaluation of B&H's products, B&H uses, offers to sell, and/or sells in the United States, and/or imports into the United States "selfie stick" products made in accordance with the Patents-in-Suit.  As referred to in this Complaint, and consistent with 35 U.S.C. § 100(c), the "United States" means "the United States of America, its territories and possessions."

19.     Upon information and belief, B&H actively and knowingly directs, causes, induces, and encourages others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, "selfie stick" products made in accordance with the Patents-in-Suit, by, among other things,

providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of, said products.

20.    A representative, but not exclusive, list of B&H products made in accordance with the Patents-in-Suit is attached as Exhibit E hereto.

## Notice and Willfulness

21.    By letter dated August 24, 2018, Dareltech notified B&H of the existence of the Patents-in-Suit, and of infringement thereof by B&H.  Dareltech's letter identified exemplary infringing B&H products.

22.    By email dated September 7, 2018, B&H acknowledged receipt of Dareltech's August 24, 2018 letter, but refused to further discuss the issues set forth in Dareltech's letter.

## COUNT I: INFRINGEMENT OF THE '128 PATENT

23.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

24.    Upon information and belief, B&H has infringed, and continues to infringe, the '128 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States its "selfie-stick" products, including but not limited to the Revo Bluetooth Selfie Stick product identified in Exhibit E hereto.  Upon information and belief, B&H's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

25.    For example, on information and belief, B&H has infringed at least claim 1 of the '128 Patent.  B&H's Revo Bluetooth Selfie Stick, and the other products identified in Exhibit E, comprise a handle as depicted in Figure 1, a picture of the device available at B&H Foto's website (https://www.bhphotovideo.com/c/product/1174261-REG/revo_ac_ssb200_bluetooth_selfie_stick.html).



**Figure 1, B&H's Revo Bluetooth Selfie Stick**

On information and belief, B&H's Revo Bluetooth Selfie Stick and other B&H selfie stick products identified in Exhibit E further comprise a coupler that couples the handle of the handheld device a housing of a mobile phone wherein the coupler is configured to releasably affix the handheld device to the housing of the mobile phone as shown in Figure 1 and Figure 2, below.



**Figure 2, Benro BK10 Mini Tripod and Selfie Stick Smartphones**

On further information and belief, B&H selfie stick products identified in Exhibit E further include a removable Bluetooth remote control which includes (1) a wireless interface module, as shown in Figure 3, configured to provide the wireless connection to the mobile phone, wherein the handheld device is configured to provide remote control of camera features of the mobile phone via the wireless interface module; (2) a user-operated command key comprising at least one selected from a camera key, video key, or zoom key, the user-operated command key configured for selection by a user; and (3) a key module configured to receive an indication of selection of the user-operated command key and send an indication of the selection to the mobile phone via the wireless interface module such that the mobile phone can be held via the handheld device with one hand and such that the one hand can operate user-operated command key while the one hand is also holding the handheld device as shown in Figure 4, below.



**Figure 3, B&H's Revo Bluetooth Selfie Stick Wireless Bluetooth Remote**



**Figure 4, B&H's Revo Bluetooth Selfie Stick Use**

26.     Upon information and belief, B&H Foto has induced infringement of one or more claims of the '128 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly directing, causing, inducing, and encouraging others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, "selfie stick" products made in accordance with the '128 Patent, including, but not limited to, the B&H selfie stick products identified in Exhibit E, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of said products. Upon information and belief, B&H's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

27.     Upon information and belief, B&H has committed the foregoing infringing activities without license from Dareltech and with notice of the '128 Patent.

28.     B&H knew the '128 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '128 Patent.  Dareltech's damages should be trebled pursuant to 35 U.S.C. § 284 because of B&H's willful infringement of the '128 Patent.

29.     The acts of infringement by B&H have been with the knowledge of the '128 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Dareltech to its reasonable attorney's fees and litigation expenses.

30.     The acts of infringement by B&H will continue unless enjoined by this Court.

31.     Dareltech has been and will continue to be irreparably harmed and damaged by B&H Foto's acts of infringement of the '128 Patent and has no adequate remedy at law.

## COUNT II: INFRINGEMENT OF THE '144 PATENT

32.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

33.     Upon information and belief, B&H has infringed at least claims 1 and 14 of the '144 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States its "selfie-stick" products, including but not limited to the B&H selfie stick products identified in Exhibit E.  Upon information and belief, B&H's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

34.     Upon information and belief, B&H has induced infringement of one or more claims of the '144 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly directing, causing, inducing, and encouraging others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, "selfie stick" products made in accordance with the '144 Patent, including, but not limited to, the B&H selfie stick products identified in Exhibit E, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of said products. Upon information and belief, B&H's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

35.     Upon information and belief, B&H has committed the foregoing infringing activities without license from Dareltech and with notice of the '144 Patent.

36.     B&H knew the '144 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '144 Patent.  Dareltech's damages should be trebled pursuant to 35 U.S.C. § 284 because of B&H's willful infringement of the '144 Patent.

37.     The acts of infringement by B&H have been with the knowledge of the '144 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Dareltech to its reasonable attorney's fees and litigation expenses.

38.     The acts of infringement by B&H will continue unless enjoined by this Court.

39.     Dareltech has been and will continue to be irreparably harmed and damaged by B&H's acts of infringement of the '144 Patent and has no adequate remedy at law.

## COUNT III: INFRINGEMENT OF THE '627 PATENT

40.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

41.     Upon information and belief, B&H has infringed at least claim 29 of the '627 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States its "selfie-stick" products, including but not limited to the B&H selfie stick products identified in Exhibit E. Upon information and belief, B&H's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

42.     Upon information and belief, B&H has induced infringement of one or more claims of the '627 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly directing, causing, inducing, and encouraging others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, "selfie stick" products made in accordance with the '627 Patent, including, but not limited to, the B&H selfie stick products identified in Exhibit E, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing,

installation, set up, use, operation, and maintenance of said products. Upon information and belief, B&H's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

43.     Upon information and belief, B&H has committed the foregoing infringing activities without license from Dareltech and with notice of the '627 Patent.

44.     B&H knew the '627 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '627 Patent.  Dareltech's damages should be trebled pursuant to 35 U.S.C. § 284 because of B&H's willful infringement of the '627 Patent.

45.     The acts of infringement by B&H have been with the knowledge of the '627 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Dareltech to its reasonable attorney's fees and litigation expenses.

46.     The acts of infringement by B&H will continue unless enjoined by this Court.

47.     Dareltech has been and will continue to be irreparably harmed and damaged by B&H's acts of infringement of the '627 Patent and has no adequate remedy at law.

## COUNT IV: INFRINGEMENT OF THE '716 PATENT

48.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

49.     Upon information and belief, B&H has infringed at least claims 1 and 11 of the '716 Patent pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States its "selfie-stick" products, including but not limited to the B&H selfie stick products identified in Exhibit E. Upon information and belief, B&H's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

50.     Upon information and belief, B&H has induced infringement of one or more claims of the '716 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly directing, causing, inducing, and encouraging others, including, but not limited to, its designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, and repair providers, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, "selfie stick" products made in accordance with the '716 Patent, including, but not limited to, the B&H selfie stick products identified in Exhibit E, by, among other things, providing instructions, manuals, and technical assistance relating to the manufacture, marketing, installation, set up, use, operation, and maintenance of said products. Upon information and belief, B&H's inducement of infringement pursuant to 35 U.S.C. § 271(b) is ongoing.

51.     Upon information and belief, B&H has committed the foregoing infringing activities without license from Dareltech and with notice of the '716 Patent.

52.     B&H knew the '716 Patent existed while committing the foregoing infringing acts, thereby willfully, wantonly and deliberately infringing the '716 Patent.  Dareltech's damages should be trebled pursuant to 35 U.S.C. § 284 because of B&H's willful infringement of the '716 Patent.

53.     The acts of infringement by B&H have been with the knowledge of the '716 Patent and are willful, wanton and deliberate, thus rendering this action "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Dareltech to its reasonable attorney's fees and litigation expenses.

54.     The acts of infringement by B&H will continue unless enjoined by this Court.

55.     Dareltech has been and will continue to be irreparably harmed and damaged by B&H's acts of infringement of the '716 Patent and has no adequate remedy at law.

## PRAYER FOR RELIEF

56.     WHEREFORE, Dareltech prays for judgment in its favor against B&H granting Dareltech the following relief:

    A.     Entry of judgment in favor of Dareltech and against B&H on all counts;

    B.     Entry of judgment that B&H has infringed the Patents-in-Suit;

    C.     Entry of judgment that B&H's infringement of the Patents-in-Suit has been willful;

    D.     An order permanently enjoining B&H together with its officers, directors, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them from infringing the Patents-in-Suit;

    E.     An award of compensatory damages adequate to compensate Dareltech for B&H's infringement of the Patents-in-Suit, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

    F.     Dareltech's reasonable fees for expert witnesses and attorneys, as provided by 35 U.S.C. § 285;

    G.     Dareltech's costs;

    H.     Pre-judgment and post-judgment interest on Dareltech's award; and

    I.     All such other and further relief as the Court deems just or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. P., Dareltech hereby demands trial by jury in this action of all claims so triable.

Respectfully submitted,


/s/ David L. Hecht_____
David L. Hecht

**PIERCE BAINBRIDGE BECK PRICE & HECHT LLP**
20 West 23rd Street, Fifth Floor
New York, New York 10010
Telephone: (213) 262-9333 ext. 105
dhecht@piercebainbridge.com.

*Attorneys for Plaintiff Dareltech LLC*